UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>          Petitioner,<br><br>    v.<br><br>K. CLARK,<br><br>          Respondent. | Case No. 1:19-cv-00834-JDP<br><br>ORDER TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 6 |

      Petitioner Aaron Lamont Stribling is a state prisoner proceeding without counsel on a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner filed a first amended petition on September 17, 2019. ECF No. 6. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, we must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). To pass screening, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The rule also "imposes on courts the duty to screen out" petitions that are vague and conclusory. *Id*.

1

Petitioner presented vague and conclusory allegations in his first amended petition, which included only a three-page portion of the six-page California habeas petition form. In his filing, petitioner states that he is seeking habeas relief because "a whole bunch of hating, prejudice, racist people don't want to let me out." ECF No. 6 at 2. Instead of stating his grounds for relief, petitioner refers the court to his "Let Freedom Ring" exhibit. *Id*. at 3. This exhibit is partially illegible, vague, conclusory, and fails to state grounds for habeas relief. Petitioner has also failed to state a request for relief.

We will not construct a habeas claim for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants). Considering the entirety petitioner's submissions to this court, he has failed to state a claim sufficient to pass Rule 4 screening. Because petitioner has failed to state a cognizable habeas claim, we order petitioner to show cause why his petition should not be dismissed.

**Order**

Within fourteen days of the date of service of this order, we order petitioner to show cause why his petition should not be dismissed for failure to state a cognizable habeas claim.

IT IS SO ORDERED.

Dated:   February 6, 2020                              _____
                                                       UNITED STATES MAGISTRATE JUDGE

No. 206.

2