UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>K. CLARK,<br><br>　　　　　　Respondent. | Case No. 1:19-cv-00834-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION FOR LACK OF JURISDICTION<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 6<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

　　　　Petitioner Aaron Lamont Stribling is a state prisoner proceeding without counsel on an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 6. On February 7, 2020, we ordered petitioner to show cause why his amended petition should not be dismissed for failure to state a claim. ECF No. 9. Petitioner has failed to respond to our order to show cause and the time for doing so has passed.

　　　　The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, we must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). To pass screening, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S.

415, 419 (2014). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The rule also "imposes on courts the duty to screen out" petitions that are vague and conclusory. *Id*.

**Discussion**

Petitioner presented vague and conclusory allegations in his amended petition, which included a three-page portion of the six-page California habeas petition form. In his filing, petitioner states that he is seeking habeas relief because "a whole bunch of hating, prejudice, racist people don't want to let me out." ECF No. 6 at 2. Instead of stating his grounds for relief, petitioner refers the court to his "Let Freedom Ring" exhibit. *Id*. at 3. This exhibit is partially illegible, vague, conclusory, and fails to state grounds for habeas relief. Petitioner has also failed to state a request for relief.

We will not construct a habeas claim for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants). Considering the entirety of petitioner's submissions to this court, he has failed to state a claim sufficient to pass Rule 4 screening. We recommend dismissal of his petition.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial

showing of the denial of a constitutional right. Thus, we recommend that the court decline to issue a certificate of appealability.

**Order**

The clerk of court is ordered to assign this case to a district judge who will review these findings and recommendations.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant dismiss this case for failure to state a claim. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. Any such objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 28, 2020                                          
UNITED STATES MAGISTRATE JUDGE

No. 206.