UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. CLARK,<br><br>　　　　　Respondent. | Case No. 1:19-cv-00834-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>(Doc. No. 11) |

Petitioner Aaron Lamont Stribling, a state prisoner proceeding without counsel in this action, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 6.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 28, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failure to state a cognizable claim for federal habeas relief.[1] (Doc. No. 11.) The findings and recommendations were served on petitioner and contained notice that objections thereto were due within fourteen (14) days. (*Id.*) The time for filing objections has passed and petitioner has failed to do so.

---

[1] The findings and recommendations indicated in the caption that the recommendation was to dismiss for lack of jurisdiction, but the reasoning contained therein rested solely on failure to state a claim. (*See generally* Doc. 11.)

1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the
court finds the findings and recommendations to be supported by the record and proper analysis.
The magistrate judge correctly concluded that the petition presented only vague and conclusory
allegations, none of which present viable grounds for the granting of federal habeas relief. In this
regard, as the "grounds for relief" in his form petition petitioner refers to an attached, handwritten
exhibit he entitles "Let Freedom Ring," which, to the extent it is legible, presents no
comprehensible basis for habeas relief. (*See* Doc. No. 6 at 45.)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether
a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no
absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed
under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
(2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district
court issue or deny a certificate of appealability when entering a final order adverse to a
petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only
issue a certificate of appealability when "the applicant has made a substantial showing of the
denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the
petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
that) the petition should have been resolved in a different manner or that the issues presented
were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,
484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required
substantial showing of the denial of a constitutional right to justify the issuance of a certificate of
appealability. Reasonable jurists would not find the court's determination that petitioner is not
entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that

petitioner is deserving of encouragement to proceed further with this habeas action. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 28, 2020 (Doc. No. 11) are adopted in full;
2. The amended petition for writ of habeas corpus (Doc. No. 6) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES DISTRICT JUDGE